IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–02695–REB–KMT

THERESA L. DOWLING,

    Plaintiff,

v.

IBEW LOCAL #111,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court comes before the court on the "Order to Show Cause" (Doc. No. 21), entered on March 28, 2012, relating to Plaintiff's failure to participate in the Fed. R. Civ. P. 26(f) Scheduling/Planning Conference, participate in preparing the Proposed Scheduling Order, and comply with this court's orders.

    As outlined in the Order to Show Cause, pursuant to the Order of Reference dated December 8, 2012, this civil action was referred to the Magistrate Judge to, *inter alia*, "Convene a scheduling conference under Fed. R. Civ. P. 16(b) and enter a scheduling order meeting the requirements of D.C.COLO.LCivR 16.2." (Doc. No. 9.) Pursuant to the Local Rules of Practice for the United States District Court for the District of Colorado, "[a] judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to

comply with these rules, the Federal Rules of Civil Procedure, or any court order."

D.C.COLO.LCivR 41.1.

On January 6, 2012, the court issued its "Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting." (Doc. No. 17 [Order Setting Sched. Conf.].) Therein, the court set a Scheduling Conference for April 2, 2012. (*Id.* at 1.) The court also ordered the parties to "confer in accordance with Fed. R. Civ. P. 26(f)" on or before March 12, 2012, and to file their proposed scheduling order on or before March 26, 2012. (*Id.* at 2.)

On March 23, 2012, Defendant timely filed a proposed scheduling order. (Doc. No. 19 [Proposed Sched. Order].) Therein, Defendant notes that the Rule 26(f) conference was not held because, despite its good faith attempts to contact Plaintiff to hold the Rule 26(f) conference, Plaintiff failed to communicate with counsel for Defendant. (*Id.* at 1-2) More specifically, on January 23, 2012, Defendant's counsel sent Plaintiff a letter seeking to schedule the Rule 26(f) conference. (Proposed Sched. Order at 1, Ex. 2.) This letter was sent via both First Class U.S. Mail to the address featured in Plaintiff's Complaint (Doc. No. 1, filed Oct. 17, 2012, at 1, 10 [Compl.]), and via email to Plaintiff's email address featured on the court's CM/ECF filing system. Plaintiff never responded to this letter. (Proposed Sched. Order at 1.)

On February 17, 2012, Defendant's counsel again attempted to contact Plaintiff by email and First Class U.S. Mail requesting that Plaintiff provide available dates to hold the Rule 26(f) conference. (*Id.* at 2, Ex. 3.) Plaintiff again failed to respond. (*Id.* at 2.)

Finally, on March 9, 2012, Defendant's counsel attempted to contact Plaintiff at the phone number provided in Plaintiff's Complaint to meet and confer with Plaintiff to prepare the

2

proposed scheduling order.  (*See id.* at 2*,* Ex. 4; *see also* Compl. at 10.)  Defendant's counsel's phone call was not received; instead, it was directed to a message indicating that Plaintiff's voice mail was full and that messages could not be accepted.  (Proposed Sched. Order at 2.)

Plaintiff bears the responsibility of complying with court orders and prosecuting her case.  Here, by utterly failing to communicate with Defendant's counsel regarding the Rule 26(f) conference and the proposed scheduling order, Plaintiff has failed to comply with this court's Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting.  (*See* Order Setting Sched. Conf.)  Based on these facts, the court issued its Order to Show Cause, directing Plaintiff to show cause in writing by April 11, 2012, why her "Title VII Complaint" should not be dismissed for failure to prosecute her case and failure to comply with court orders.  (Doc. No. The court warned Plaintiff that failure to respond to the Order to Show Cause or failure to show cause would result in a recommendation that this case be dismissed, with prejudice, in its entirety pursuant to Fed. R. Civ. P. 16(f)(1)(C), 37(b)(2) and 41, D.C.COLO.LCivR 41.1, and *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992).  Plaintiff failed to respond to the Order to Show Cause on or before April 11, 2012.

The Federal Rules of Civil Procedure give a district court ample tools to deal with recalcitrant litigants.  *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993).  Fed. R. Civ. P. 16(f)(1)(C) and 37(b)(2) and D.C.COLO.LCivR 41.1 enable the court to impose sanctions, including dismissal, when a party fails to obey pretrial orders.  Fed. R. Civ. P. 41 and D.C.COLO.LCivR 41.1 also enable the court to dismiss a case when a party fails to prosecute a case.

The Tenth Circuit has recognized that "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir.2002). However, a dismissal with prejudice is a more severe sanction, and generally requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1235 (10th Cir.2009). In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992), the Tenth Circuit set forth a non-exhaustive list of factors to be considered when evaluating grounds for dismissal of an action with prejudice. The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.*, 167 F.R.D. 90, 101 (D. Colo.1996). "These factors do not create a rigid test; rather they represent criteria for the district court to consider prior to imposing dismissal as a sanction." Id."[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

Having, considered the *Ehrenhaus* factors, the court finds that dismissal with prejudice is appropriate. First, the court finds that Plaintiff's conduct has prejudiced Defendant as Defendant's counsel spent considerable time in its repeated, unsuccessful attempts to contact Plaintiff to conduct the Rule 26(f) conference and to prepare the proposed scheduling order.

Defendant also was forced to prepare and file its proposed scheduling order, without Plaintiff's input, only to have the Scheduling Conference vacated due to Plaintiff's failure to provide any input into the proposed scheduling order. (*See* Order to Show Cause at 4-5.)

Second, the court finds that Plaintiff has significantly interfered with the judicial process by failing to prosecute this matter and by failing to respond to court orders. In addition to failing to comply with the Order Setting Scheduling Conference, Plaintiff has now failed to respond to the court's Order to Show Cause or give an explanation for her failure to do so, which has only further delayed these proceedings.

Third, the court finds Plaintiff is culpable for the delays in this case and for the violations of this court's orders. The court notes that Plaintiff has several other cases pending before this court, all filed simultaneously, and in each and every one of those cases, the court has been forced to enter orders to show cause based on Plaintiff's failure to communicate with defense counsel and to comply with court-ordered obligations. (*See* Case No. 11-cv-2696-REB-KMT, Doc. No. 20, filed Feb. 27, 2012; Case No. 11-cv-2697-REB-KMT, Doc. No. 20, filed Apr. 18, 2012.) Indeed, as in this case, the Scheduling Conference set in Plaintiff's other cases were also vacated due to Plaintiff's complete failure to communicate with defense counsel and provide her input for the proposed scheduling orders. (*See id.*) As such, Plaintiff's conduct in this case is far from an isolated incident that can be gratuitously overlooked; instead, Plaintiff has demonstrated an unacceptable pattern of thwarting court orders, thereby undermining the judicial process and wasting court and party resources in the process. Fourth, the court specifically warned Plaintiff

that her failure to comply with this court's orders could result in a recommendation for dismissal with prejudice. (*See* Doc. No. 21.)

As to the final *Ehrehaus* factor, the court finds Plaintiff's failure to obey the orders of this court, in this and other cases, to be unacceptable and that such litigation behavior should not be tolerated. Since filing her Title VII Complaint, Plaintiff has made very little effort to prosecute this case, has delayed the progress of this case, and has thwarted several court orders along the way. Recognizing that dismissal with prejudice is a severe sanction, the court nonetheless believes that no other sanction will be effective to deter this pattern of impermissible conduct. *See Hobratschk v. Perretta*, 210 F.3d 389, No. 99-1293, 2000 WL 313530, at *2 (10th Cir. Mar. 28, 2000) (stating that a district court need not impose lesser sanctions before dismissal with prejudice). Furthermore, dismissal with prejudice serves the purposes of "penaliz[ing] the party whose conduct warrants the sanction and discourag[ing] 'those who might be tempted to such conduct in the absence of such a deterrent.'" *Jones*, 996 F.2d at 265–66 (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

The court concludes that the five *Ehrenhaus* factors have been satisfied in this matter and that dismissal with prejudice is appropriate.

WHEREFORE, for the foregoing reasons, this court respectfully

**RECOMMENDS** that the Complaint and this action be dismissed in their entirety, with prejudice, pursuant to Fed. R. Civ. P. 41, D.C.COLO.LCivR 41.1, and *Ehrenhaus v. Reynolds,* 965 F.2d (10th Cir. 1992). The court further

**RECOMMENDS** that Defendant's Motion to Dismiss or In the Alternative, for a More Definite Statemnt [sic]" (Doc. No. 14, filed Jan. 3, 2012) be DENIED as moot.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate

review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 18th day of April, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge