IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02695–REB–KMT

THERESA L. DOWLING,

    Plaintiff,

v.

IBEW LOCAL #111,

    Defendant.

---

## MINUTE ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE KATHLEEN M. TAFOYA**

Plaintiff's "Request for Missing Documents" (Doc. No. 34, filed May 4, 2012) is DENIED. Plaintiff requests that the court provide her with all but a few of the documents previously filed in this case because she has had "technical problems" with the court's CM/ECF filing system that resulted in her having to pay "hundreds of dollars for documents that are supposed to be free." However, notwithstanding Plaintiff's suggestion that the court is "obligated to provide plaintiff with these documents," the court has no legal basis to order the Clerk of Court to provide her with free copies of court filings. Outside of a few exceptions that are inapplicable here, the *in forma pauperis* statute, 28 U.S.C. § 1915, "makes no provision for litigation expenses." *Patel v. United States,* 399 F. App'x 355, 359 (10th Cir. 2010). Plaintiff may print copies of previously-filed documents through the Clerk's Office for $.10 per page.

The court further notes that, notwithstanding Plaintiff's suggestion that she has "canceled" her CM/ECF account, Plaintiff is required to demonstrate good cause before her ECF registration may be revoked. *See* D.C.COLO. ECF Civ. Procedures 3.2D. Accordingly, Plaintiff may file a **motion** no later than **May 23, 2012** demonstrating good cause to support the revocation of her ECF privileges. If no such motion is filed by May 23, 2012, the court will assume that Plaintiff intends to retain her ECF privileges. Until that time, the court will serve any court-initiated filings (e.g. orders and/or recommendations) on Plaintiff at her home address as featured in her

Complaint. Defendant is directed to do the same (i.e. serve Plaintiff with its court filings, if any, at her home address).

Dated: May 9, 2012