**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-02695-REB-KMT

THERESA L. DOWLING,

    Plaintiff,

v.

IBEW LOCAL #111,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

---

**Blackburn, J.**

The matter before me is **Plaintiff's Motion for Relief From Judgment** [#73],[1] filed August 14, 2012. Because the motion was filed more than 28 days after the entry of **Final Judgment** [#57], filed June 1329, 2012, *see* **FED. R. CIV. P.** 59(b), I consider it a request for relief from judgment pursuant to Fed. R. Civ. P. 60(b).

In addition, because plaintiff is proceeding pro se, I have construed her pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. ***See Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)). Thus construed, I deny the

---

[1] "[#73]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

motion.

Rule 60(b) relief requires a showing of exceptional circumstances warranting relief from judgment. ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A litigant shows exceptional circumstances by satisfying one or more of the grounds for relief enumerated in Rule 60(b). *Id.* at 1243-44. Here, the only possibly applicable grounds for relief under Rule 60(b) are provided by subparagraph (3), which allows the court to relieve a party from judgment on the basis of fraud, misrepresentation, or misconduct of an opposing party, or alternatively subparagraph (6), which contemplates relief from judgment based on "any other reason that justifies relief." **FED. R. CIV. P.** 60(b)(3) & (6).

I perceive nothing in plaintiff's motion to suggest that such extraordinary relief is warranted in this case under either rubric. Although plaintiff makes conclusory allegations regarding the allegedly unethical and fraudulent conduct of various attorneys *representing parties in other cases* in which she is a plaintiff, she neither substantiates these assertions nor shows how they infected this proceeding. Moreover, regardless whether plaintiff has a viable claim *vel non*, her own inability or unwillingness to conform to the reasonable rules of procedure is the cause of her inability to have these claims vetted substantively. Her dilemma, in short, is one of her own making, and provides no basis warranting relief from judgment.[2]

---

[2] To the extent plaintiff also seeks my recusal from this case, I deny her request. Assuming *arguendo* that I have jurisdiction to determine the matter at all, now that appeal has been taken to the circuit court, plaintiff has failed to submit any facts that would cause "a reasonable person, knowing all the facts, [to] harbor doubts about the judge's impartiality." ***Bryce v. Episcopal Church in the Diocese of Colorado***, 289 F.3d 648, 659 (10th Cir. 2002) (citation omitted). Other than my rulings in this case, plaintiff points to nothing even remotely suggesting that I have a "pervasive bias" against pro se plaintiffs in general or an "extrajudicial bias" against this pro se plaintiff in particular. ***See Liteky v. United States***,

**THEREFORE, IT IS ORDERED** it is ordered that **Plaintiff's Motion for Relief From Judgment** [#73], filed August 14, 2012, is **DENIED**.

Dated September 26, 2012, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

---

510 U.S. 540, 550, 114 S.Ct. 1147, 1155, 127 L.Ed.2d 474 (1994).